IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ALEX ROBERT HARVEY;
KATHRYN ANN HARVEY;
STEVEN ROBERT JOHNSON,

**OPINION & ORDER**

Civ. No. 6:26-cv-00222-AA

          Plaintiffs,

      v.

MEAGAN A. FLYNN,

          Defendant.

_____

AIKEN, District Judge.

Plaintiffs Alex Robert Harvey, Kathryn Ann Harvey, and Steven Robert Johnson[1] against Chief Justice Meagan A. Flynn of the Oregon Supreme Court for committing "Fraud upon the Court." *See* Compl., ECF No. 1. For the reasons explained below, the Complaint, ECF No. 1, is DISMISSED with prejudice and without leave to amend. All pending motions, ECF Nos. 5, 7, 9, 10, 12, 23, 25, are DISMISSED as moot.

## LEGAL STANDARD

A district court has the inherent authority to dismiss an action *sua sponte* for lack of federal subject-matter jurisdiction. *Franklin v. Oregon*, 662 F.2d 1337, 1342

---

[1] Plaintiffs' Complaint includes copyright and trademark symbols after their name and identifies them as "doing business as" themselves. ECF No. 1 at 1. An individual's name cannot be copyrighted. 37 CFR § 202.1(a); *Quillin v. United States*, 228 Ct. Cl. 727, 728 (1981). The Court refers to Plaintiffs by their names.

(9th Cir. 1981).  An action may be dismissed for lack of subject-matter jurisdiction where the alleged federal claim is "wholly insubstantial and frivolous" or "otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *see also Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "wholly insubstantial" or "obviously without merit"); *see also Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549–50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Thus, a court may dismiss a claim as frivolous where it is based on an "indisputably meritless legal theory" or where the factual contentions are "clearly baseless." *Id.* at 327.  A plaintiff need not be afforded notice or an opportunity to respond when the plaintiff cannot possibly win relief. *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981).

## BACKGROUND

Plaintiffs allege that Chief Justice Flynn improperly "denied the[ir] petition [for review] and all motions without any reason and before the defendant had any time to rebut the affidavit against their objection to the cease and desist." *Id.* at 2. Plaintiffs allege that judicial clerks caused bias against them by improperly backdating and "withholding" their motion and by mislabeling the case as "Tort – General" when it was in fact "a contract dispute with no physical injuries in the

claim." *Id.* Plaintiffs allege that the improper actions "put[] their property in unnecessary jeopardy" of foreclosure and seek $2 million in damages. *Id.* at 1, 3.

After filing their Complaint, Plaintiffs filed six motions: A motion for joinder, ECF No. 5; a motion for out of state judge, ECF No. 7; a motion to modify remedy, ECF No. 9; a motion for disqualification of judge, ECF No. 10; a motion for summary judgment, ECF No. 12; and a motion to uphold oath, ECF No. 25. Defendant filed a Motion to Dismiss for failure to state a claim that has not been fully briefed. *See* ECF No. 23.

## DISCUSSION

Judges are absolutely immune from liability for damages sought as a result of judicial acts performed in their judicial capacity. *Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir. 1996), *superseded by statute on other grounds*; *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987). This immunity is extended to judicial clerks "when they perform tasks that are an integral part of the judicial process." *Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 916 (9th Cir. 2021) (quoting *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987)).

To qualify for judicial immunity, a judge must have performed "judicial acts" within the scope of his or her jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). "An act is judicial in nature if it is a function normally performed by a judge and the parties to the act were dealing with the judge in his judicial capacity." *McGuire v. Clackamas Cnty. Counsel*, No. 08–CV–1098–AC, 2009 WL 4456310, at *4 (D. Or. Nov. 24, 2009) (citing *Stump*, 435 U.S. at 362); *see also Duvall v. Cnty. of*

Page 3 – OPINION AND ORDER

*Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001) (identifying factors relevant to the determination of whether an act is judicial in nature). Absolute immunity persists even where actions are "erroneous, malicious, or in excess of judicial authority." *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).

Here, Plaintiffs allege that Chief Justice Flynn improperly denied their Petition for Review (the "Petition"). The determination of whether to grant or deny a petition for review is a "precise act [that] is a normal judicial function." *Duvall*, 260 F.3d at 1133. And Plaintiffs consented to the Oregon Supreme Court's jurisdiction when they filed the Petition with the Court. When Chief Justice Flynn denied the Petition, she acted in her judicial capacity and within her jurisdiction. She is thus entitled to absolute immunity from suit.

As to the clerks, Plaintiffs allege that the clerks improperly "withheld" their motion by backdating it and that the clerks mislabeled their case as tort instead of contract. "The concern for the integrity of the judicial process that underlies the absolute immunity of judges is reflected in the extension of absolute immunity to certain others who perform functions closely associated with the judicial process." *Acres Bonusing*, 17 F.4th at 916 (cleaned up) (quoting *Moore*, 96 F.3d at 1244). Docketing motions and filing and labeling cases are clerical tasks that are inherent to the judicial process. And "[b]ecause judicial immunity is an immunity from suit and not just from damages, it cannot be 'overcome by allegations of bad faith or malice.'" *Id.* (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). Here, the clerks are

Page 4 – OPINION AND ORDER

entitled to absolute immunity from suit for their acts of docketing motions and filing and labeling cases.

In sum, the claim against Chief Justice Flynn and judicial clerks are barred by absolute judicial immunity.  Plaintiffs' claim thus lacks a legal theory on which to proceed and offers no possibility of relief.  For that reason, the Court dismisses the Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Further, the Complaint is dismissed without leave to amend because it cannot be saved by any amendment.  *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir. 2003).

## CONCLUSION

For the reasons explained above, Plaintiffs' Complaint, ECF No. 1, is DISMISSED with prejudice and without leave to amend.  All pending motions, ECF Nos. 5, 7, 9, 10, 12, 23, 25, are DISMISSED as moot.  Judgment shall be entered accordingly.

It is so ORDERED and DATED this   21st   day of April 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge


Page 5 – OPINION AND ORDER